Argued and submitted February 2, reversed and remanded for consideration of mother's motions to decline jurisdiction and to dismiss for lack of subject matter jurisdiction; if jurisdiction is found on remand, for consideration of father's motion to modify custody, allowing mother to answer and participate on merits March 3, 2010

## In the Matter of the Marriage of

### Jason K. NOLAN,
*Petitioner-Respondent,*
*and*

### Duana M. NOLAN,
*Respondent-Appellant.*

### Douglas County Circuit Court
06DO1097DS; A141393

227 P3d 1222

Sharon Lee Schwartz argued the cause for appellant. With her on the brief was Legal Aid Services of Oregon.

No appearance for respondent.

Before Sercombe, Presiding Judge, and Wollheim, Judge, and Breithaupt, Judge pro tempore.

SERCOMBE, P. J.

### SERCOMBE, P. J.

Mother appeals from a supplemental judgment awarding custody of the parties' minor child to father. We reverse and remand for consideration of mother's motions for the State of Oregon to decline jurisdiction and to dismiss for lack of subject matter jurisdiction, and, if jurisdiction is found on remand, for consideration of father's motion to modify custody after mother has had an opportunity to answer and participate in a hearing on the merits.

The nearly five-year marriage of the parties was dissolved by a 2007 general judgment issued by the Douglas County Circuit Court. Mother was awarded sole custody of the parties' four-year-old daughter. Father filed a motion for an order to show cause why that judgment should not be modified so as to award him sole custody of the parties' minor child. An order to appear and show cause was issued by the trial court directing mother to file a "counter-affidavit" to contest father's motion pursuant to Douglas County Supplemental Local Rule (SLR) 8.051; mother was served with a copy of the order. On October 1, 2008, father sent mother a letter giving her 10 days' notice of his intent to file a motion for default. On October 10, 2008, mother filed a motion and a supporting affidavit for the State of Oregon to decline jurisdiction and stay the proceedings under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). ORS 109.701 - 109.834. Nonetheless, on October 23, 2008, the trial court granted an order of default against mother, finding that she had failed to respond to the court's order to appear and show cause.

Mother then moved to set aside the "default judgment" under ORCP 71 B(1)[1] and to dismiss for lack of subject matter jurisdiction under ORCP 21. After a hearing on the matter, the trial court took the case under advisement and entered a supplemental judgment modifying custody on February 13, 2009. That judgment included the finding that "[t]he courts of the state of Oregon have exclusive jurisdiction

---

[1] No default judgment was ever entered by the trial court, which appears to have treated mother's motion as a motion to vacate the order of default. We likewise construe mother's arguments regarding the "default judgment" to refer to the order of default.

to make child custody determinations in this matter under the provisions of the [UCCJEA.]"

On appeal, mother argues that the trial court erred in first granting and then refusing to set aside the "default judgment," because neither ORCP 69 nor Douglas County SLR 8.051 required the filing of a counter-affidavit, and because it was reasonable for her to believe that she would not be defaulted before the trial court ruled on her motion to decline jurisdiction. Mother also argues that the trial court erred in denying her motion for the State of Oregon to decline jurisdiction and in denying her motion to dismiss for lack of subject matter jurisdiction.

We generally review a trial court's decision on whether to set aside a default judgment or an order of default for abuse of discretion. However, that discretion is guided by fixed legal principles. Whether ORCP 69 or Douglas County SLR 8.051 required the filing of a counter-affidavit is a question of law that we review for legal error. *See State ex rel Johnson v. Bail*, 140 Or App 335, 339, 915 P2d 439 (1996), *aff'd*, 325 Or 392, 938 P2d 209 (1997).

ORCP 69 A(1) provides that an order of default may be entered only if "the party against whom the order of default is sought has failed to plead or otherwise defend as provided in these rules[.]" Douglas County SLR 8.051(1) and (3) require that the following notice be contained in the order to show cause to modify a judgment:

> "PURSUANT to douglas county circuit court rule 8.051, the petitioner/respondent herein should take notice that if it is your intent to contest the matters involved herein, a *WRITTEN RESPONSE* SPECIFYING THE MATTERS TO BE CONTESTED MUST BE FILED BY YOU WITH THE TRIAL COURT ADMINISTRATOR * * *. ABSENT GOOD CAUSE SHOWN, NO CONTEST TO A SHOW CAUSE SHALL BE PERMITTED UNLESS THE CONTESTANT HAS FILED A *WRITTEN RESPONSE*."

(Emphasis added; uppercase in original.) In addition, Douglas County SLR 8.051(4) requires that "[t]he *written response* shall respond to the original affidavit." (Emphasis added.) By their plain text, neither ORCP 69 A(1) nor the

supplemental local rule requires the filing of a counter-affidavit.[2] Those rules require only a "written response." ORS 107.135(14) also requires a "written response" to a motion to modify a dissolution judgment. Mother provided such a written response when she filed her motion for the State of Oregon to decline jurisdiction. Thus, the trial court clearly erred in refusing to set aside the order of default, and we reverse the supplemental judgment for that reason.

We decline to reach the merits of mother's remaining assignments of error regarding the denials of her motion for the State of Oregon to decline jurisdiction and her motion to dismiss for lack of subject matter jurisdiction. Although the trial court found in the supplemental judgment that the courts of Oregon have exclusive jurisdiction under the UCCJEA, it is likely that that finding was not made as a denial of mother's pending motions. Rather, because the trial court failed to set aside the order of default, that finding appears to be stating a legal prerequisite for taking action to modify custody. Because it is not apparent that the trial court necessarily ruled on mother's motions after failing to set aside the default order, we remand for the trial court to consider them.

Reversed and remanded for consideration of mother's motions to decline jurisdiction and to dismiss for lack of subject matter jurisdiction; if jurisdiction is found on remand, for consideration of father's motion to modify custody, allowing mother to answer and participate on merits.

---

[2] We note that the 2005 version of Douglas County SLR 8.051, and other prior versions of that rule, did require the filing of a "counteraffidavit." Effective on February 1, 2006, however, Douglas County SLR 8.051 was amended to its current version, and the term "counteraffidavit" was replaced by the term "written response." The prior versions of the local rule are inapplicable in this case, because father's motion for an order to show cause was filed in 2008.